# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| JOHN J. POWERS, | No. 4:20-CV-00138 |
| Petitioner, | (Judge Brann) |
| v. | |
| WARDEN HERMAN QUAY, | |
| Respondent. | |

## MEMORANDUM OPINION

### JUNE 17, 2020

Presently before the Court is Petitioner John J. Powers' petition for writ of habeas corpus brought pursuant to 28 U.S.C. § 2241, challenging the recalculation of his good time credits under the First Step Act.[1]  Respondent submitted an answer[2] and Petitioner filed a reply.[3]  For the reasons that follow, the petition will be denied.

## I.    BACKGROUND

Petitioner is presently incarcerated at United States Penitentiary at Allenwood in White Deer, Pennsylvania, and has a projected release date of August 8, 2022.[4] In the petition, Petitioner argues that the Bureau of Prisons has failed to properly credit him with good conduct time under the First Step Act and that he should receive

---

[1] Doc. 1.
[2] Doc. 8.
[3] Docs. 9.  The parties have also filed a supplemental response and a supplemental reply.  *See* Docs. 11, 12.
[4] Doc. 1.

54 days of good conduct time for each year of his sentences imposed, regardless of whether he has been sanctioned with the loss of good conduct time in the past.[5]

Petitioner was first sentenced to an aggregated term of 389 months and 15 days of imprisonment for various federal offenses including possession of a stolen motor vehicle and bank robbery.[6] During this sentence, Petitioner accrued good conduct time yearly; 614 days of that good conduct time was, however, disallowed due to disciplinary sanctions.[7] Prior to the First Step Act, according to the BOP's calculations, this sentence was completed on November 20, 2018.[8] After the completion of that aggregate sentence, Petitioner started to serve a second aggregated sentence of 57 months and 1 day term of imprisonment for escape and interstate transport of a stolen vehicle, as well as assault on a federal officer; Petitioner was projected to complete this second aggregated sentence on February 1, 2023.[9]

After the First Step Act was passed, effectively changing the number of good time credits earnable per year from 47 to 54, the BOP recalculated Petitioner's sentences and good conduct time credits.[10] Under this recalculation, which took into account the 614 days of disallowed good conduct time, Petitioner's first aggregated

---

5   *See id.*
6   Doc. 8 at 1.
7   Doc. 11 at 3.
8   *Id.*
9   *See* Docs. 8, 8-1.
10  *See* Docs. 8, 11.

sentence was completed on June 25, 2018, and his second aggregated sentence is projected to be completed on August 8, 2022, assuming that Petitioner earns all good conduct time to which he is eligible going forward.[11]

## II. DISCUSSION

### A. Legal Standard

"Section 2241 is the only statute that confers habeas jurisdiction to hear the petition of a federal prisoner who is challenging not the validity but the execution of his sentence."[12] A challenge to the calculation of good conduct time is properly brought pursuant to § 2241, "as the action could affect the duration of the petitioner's sentence."[13]

### B. Analysis

The crux of Petitioner's contention is that after the First Step Act was implemented, he should have been awarded the full 54 days per year of imprisonment for his completed first aggregated sentence and that his disallowed good conduct time should have been restored after the recalculation. In essence, Petitioner believes that the First Step Act should provide him with a disciplinary clean slate. As Respondent explains in its supplemental answer, however,

---

[11] *See* Doc. 11.
[12] *Coady v. Vaughn*, 251 F.3d 480, 485 (3d Cir. 2001). *See Zayas v. INS*, 311 F.3d 247, 256 (3d Cir. 2002) (identifying "applications challenging the manner in which a valid federal sentence is carried out" as an example of a "categor[y] of habeas petitions filed under § 2241").
[13] *Queen v. Miner*, 530 F.3d 253, 254 n.2 (3d Cir. 2008). *See also Woodall v. Fed. Bureau of Prisons*, 432 F.3d 235, 241 (3d Cir. 2005).

Petitioner's good time credits have been properly calculated in conformity with the First Step Act.

Petitioner's prior aggregated sentence consisted of 32 years, 5 months, and 15 days' imprisonment. Had Petitioner not earned any good conduct time, that sentence would expire on August 6, 2021, as the sentence commenced on February 22, 1990, and Petitioner was awarded 366 days of jail time credit for time spent in custody prior to his sentencing.[14] During this prison term, Petitioner earned good time credit under the prior calculation of 47 days per year; however, Petitioner lost approximately 614 of those earned days due to disciplinary sanctions. Therefore, before the First Step Act, that aggregated sentence expired on November 20, 2018.

After the First Step Act, the Bureau of Prisons recalculated Petitioner's good time credits, utilizing the 54 days per year mandated by the act. As Respondent carefully explains in the supplemental answer, Petitioner earned 1752 total days of good time credit based on 54 days a year on his first aggregated sentence.[15] That, however, was reduced by 614 days due to disciplinary sanctions, leaving Petitioner with 1138 days of good conduct time.[16] Applying those days to his first aggregated sentence, his new, post-First Step Act sentence completion date is June 25, 2018, after which Petitioner began to serve his second aggregated sentence.

---

[14]  *See* Docs. 8-1, 11.
[15]  *See* Doc. 11.
[16]  The complete mathematical calculations have been provided in Respondent's supplemental answer and will not be replicated here. *See* Doc. 11 at 3-4.

As to Petitioner's contention that the First Step Act recalculation should restore his disallowed good conduct time, Petitioner has provided no authority to support this proposition and the Court can find none. According to Petitioner, the BOP lacks the legal authority to maintain penalties accrued (the loss of good time credits) under 18 U.S.C. § 3624(b), because that statute was repealed by the First Step Act. Thus, the act grants a full 54 days per year, and the prior disallowance of good conduct time cannot be applied to the "new" First Step Act good conduct time days because, Petitioner alleges, § 3624(b) was repealed. I disagree.

Petitioner may not avoid the consequences of his past disciplinary infractions by engaging in statutory sophistry. Section 3624(b) was not repealed. It was amended by the First Step Act, and that amendment changed only the method by which good conduct time is calculated.[17] Further, what text was retained and not altered by the First Step Act is that section's provision that "if the Bureau determines that, during that year, the prisoner has not satisfactorily complied with such institutional regulations, the prisoner shall receive no such credit toward service of the prisoner's sentence or shall receive such lesser credit as the Bureau determines to be appropriate."[18] There is thus ample authority for the BOP to deduct the previously disallowed good conduct time from Petitioner's post-First Step Act good

---

[17] *See* First Step Act of 2018, Pub. L. No. 115-391, § 102(b)(1)(A) (amending 18 U.S.C. § 3624(b)(1)).

[18] 18 U.S.C. § 3624(b)(1).

conduct time calculation. Because the Bureau of Prisons has correctly calculated Petitioner's good time credits—including the disallowance of some of those credits due to disciplinary sanctions—the petition lacks merit and will be denied.

## III. CONCLUSION

For the reasons set forth above, the Petition will be denied. An appropriate Order follows.

BY THE COURT:

*s/ Matthew W. Brann*
Matthew W. Brann
United States District Judge